USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-7-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTINE DELINCE and SYDNEY
O'HAGEN,

                    Plaintiffs,

           -against-

CITY OF NEW YORK, POLICE OFFICER
JOHN LODUCA, SAZON INC., VANCE
CAMPBELL, MIGUEL LOPEZ and POLICE
OFFICERS JOHN DOE and RICHARD ROE
(names and numbers of whom are unknown at the
present) and other unidentified members of the
New York City Police Department,

                    Defendants.
-----------------------------------------------------------x

10 Civ. 4323 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        According to the plaintiffs, their evening out at a Manhattan bar and restaurant ended in a verbal dispute over the accuracy of their final bill, prompting management to call for police assistance and resulting in the plaintiffs' arrests. Plaintiffs were criminally charged with theft of services, but the charges were later dismissed. According to the Amended Complaint (the "Complaint"), the defendants violated rights guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution, as well as the laws of New York.

        Defendants Sazon Inc. ("Sazon"), Vance Campbell and Miguel Lopez (collectively, the "Sazon defendants") move to dismiss the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. The Sazon defendants argue that because they are not state actors, the plaintiffs cannot plausibly state a constitutional claim against them. They also contend that the Complaint

fails to allege violations of New York law. For the reasons explained below, the motion to dismiss is granted.

BACKGROUND

For the purposes of this motion, all nonconclusory factual allegations are accepted as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). As the non-movant, all reasonable inferences are drawn in favor of the plaintiffs. Interworks Sys. Inc. v. Merchant Financial Corp., 604 F.3d 692, 699 (2d Cir. 2010).

On October 9, 2009, the plaintiffs were dining at Sazon, a restaurant in lower Manhattan. (Compl. ¶ 12.) They ordered drinks and food at the bar, and, when members of the waitstaff changed shifts, the plaintiffs paid with their credit cards. (Compl. ¶¶ 13-15.) They continued to order food and drinks, and, at 10:30, decided to leave and requested their bill. (Compl. ¶¶ 16-17.) After plaintiff Sydney O'Hagan paid this second bill, totaling approximately $136, with her debit card, she and plaintiff Christine Delince realized that the restaurant had overcharged them, and erroneously included food and drinks already paid in the earlier tab. (Compl. ¶¶ 18-22, 26.) When they informed the bartender of the billing error, the bartender became "angry" and "insisted" that they pay. (Compl. ¶¶ 21-23.) Plaintiffs then spoke to Sazon's manager, defendant Vance Campbell, who agreed to reduce their bill to $80. (Compl. ¶¶ 24-28.) O'Hagan told Campbell that the previous $136 charge should be voided before making the new $80 charge. (Compl. ¶ 29.) Campbell became "irate" and called the police. (Compl. ¶ 30.)

Initially, when the police arrived, the plaintiffs were not permitted to speak to the officers; plaintiffs later explained to the officers that they simply disputed the bill, wanted the manager to void the $136 payment, and would pay Sazon what it was rightly owed. (Compl. ¶¶

32-36.) Defendant John Loduca, a police officer on the scene, took O'Hagan's debit card, then returned with a void slip for the $136 charge and a new receipt reflecting another $136 charge. (Compl. ¶¶ 37-38.) Loduca insisted that O'Hagan sign the receipt, even though O'Hagan informed him that the receipt remained inaccurate. (Compl. ¶¶ 39-42.) Loduca told O'Hagan that she would be arrested if she failed to sign. (Compl. ¶ 43.) O'Hagan replied that she wanted to contest the restaurant's charges, and Loduca arrested her. (Compl. ¶¶ 44-45.) When Delince questioned the basis of O'Hagan's arrest, she was handcuffed and placed in the patrol car. (Compl. ¶¶ 47-49.)

Pursuant to New York Penal Law § 165.15(2), the plaintiffs were charged with theft of services. (Compl. ¶ 51.) According to the Complaint, "it was falsely alleged by defendant Miguel Lopez, acting on behalf and/or in concert with defendant Vance Campbell, that the plaintiffs refused to pay their bill." (Compl. ¶ 51.) On October 30, 2009, the Manhattan District Attorney's Office dismissed all charges. (Compl. ¶ 52.) Plaintiffs now assert that all defendants violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and are liable under New York law for the torts of false arrest, malicious prosecution, and negligent hiring, retention, training and supervision of employees. (Compl. ¶¶ 55-75.) The plaintiffs assert that Sazon is liable for the tortuous acts of Campbell and defendant Miguel Lopez, another Sazon employee, under a theory of respondeat superior. (Compl. ¶¶ 60, 65.)

RULE 12(B)(6) STANDARD

Rule 8(a)(2), Fed. R. Civ. P., requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555 (2007) (ellipsis in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient "'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1949-50.

DISCUSSION

### I. The Section 1983 Claim against the Sazon Defendants is Dismissed.

The Complaint asserts that the Sazon defendants "were acting in concert and within the scope of their authority" to arrest and imprison the plaintiffs without probable cause, thereby violating the Fourth Amendment's right to be free from unreasonable searches and seizures and the Fourteenth Amendment's right to be free from deprivations of liberty. (Compl. ¶ 56.) Plaintiffs also allege that defendant Lopez, "acting on behalf and/or in concert with defendant Vance Campbell," falsely stated in the criminal complaint that the plaintiffs refused to pay the bill. (Compl. ¶ 51.)

To allege a constitutional violation pursuant to section 1983, a plaintiff must assert that a person acting under the color of state law is liable for the deprivation of a right, privilege or immunity protected by the constitution or a federal statute. 42 U.S.C. § 1983. "[A]

private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). A complaint must allege facts demonstrating that the private entity and a state actor "acted in concert to commit an unconstitutional act." Id. (quoting Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)). There must be "such a close nexus" between the private actor and the state that underlying conduct "may be fairly treated as that of the state itself." Tancredi v. Metro Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003). Conclusory allegations of conspiracy are insufficient. Ciambriello, 292 F.3d at 324; see also Iqbal, 129 S. Ct. at 1949-50. Here, the Complaint's state-action allegations are premised on the alleged conspiracy between the Sazon defendants and law enforcement, and not an assertion that the Sazon defendants acted under state control or performed a public function. See, e.g., Cooper v. U.S. Postal Service, 577 F.3d 479, 491-93 (2d Cir. 2009) (summarizing grounds for finding state action by private entities).

Plaintiffs contend that Lopez's allegedly untruthful statement in the criminal complaint was, in itself, sufficient to trigger liability under section 1983 for the Sazon defendants. However, as Judge Garaufis recently held, "'providing false information to the police does not make a private individual . . . a state actor and liable under § 1983.'" Baez v. JetBlue Airways, __ F. Supp. 2d __, 2010 WL 4065423, at *4 (E.D.N.Y. Oct. 15, 2010) (quoting Chodowski v. City of New York, 2007 WL 2717872, at *8-9 (S.D.N.Y. Sept. 11, 2007)). State action may be found only where a defendant has "[a] longstanding pattern of repeated lies and false accusations made for the purpose of procuring an arrest . . . ." Id. Similarly, in Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 405 (S.D.N.Y. 2004) (collecting cases), then-District

Judge Chin held that deliberately furnishing false information to law enforcement, which resulted in the plaintiff's detainment, was inadequate to render a private entity a state actor.

Plaintiffs rely on Weintraub v. Board of Education of City of New York, 423 F. Supp. 2d 38, 58 (E.D.N.Y. 2006), and Friedman v. New York City Administration for Children's Services, 2005 WL 2436219 (E.D.N.Y. Sept. 30, 2005), in support of their proposition that a false statement to police renders a private individual a state actor. In Chodowski, however, Judge Sand of this District distinguished the two opinions, noting that the Weintraub and Friedman defendants had histories of filing baseless complaints against the plaintiffs, which was distinct from a single, allegedly false statement. Chodowski, 2007 WL 2717872, at *8-9. Here, assuming that the Complaint adequately alleges that a false statement made by Lopez in a criminal complaint resulted in the violation of plaintiffs' Fourth and Fourteenth Amendment rights, this allegation is insufficient to allege state action on the part of the Sazon defendants.

Moreover, the conspiracy allegations against Campbell and Sazon fail to satisfy Iqbal and Twombly. Plaintiffs allege that Lopez was "acting on behalf and/or in concert with" Campbell. (Compl. ¶ 51.) This "threadbare" and conclusory legal assertion about Campbell's role is made without supporting factual allegations. Iqbal, 129 S. Ct. at 1949-50. Assuming arguendo that the Complaint successfully alleged that Lopez and Campbell were state actors, the Complaint would still fail to state a claim as to section 1983 liability on the part of Sazon as an entity, because it fails to include any allegations as to unconstitutional conduct by Sazon. Absent allegations that employees were acting pursuant to an official policy, "[p]rivate employers are not liable under § 1983 for the constitutional torts of their employees . . . ." Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990).

The Complaint's section 1983 claim against the Sazon defendants is dismissed.

II. <u>The False Arrest and Imprisonment Claim is Dismissed.</u>

A plaintiff pursuing a common-law claim of false arrest or false imprisonment under New York law "must establish that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged." Martinez v. City of Schenectady, 97 N.Y.2d 78, 85 (2001). The Complaint asserts that all defendants acted in concert and conspired to confine the plaintiffs. (Compl. ¶ 58.)

The Complaint appears to contend that the state-law false arrest and imprisonment claim, as it pertains to the Sazon defendants, is directed both to the plaintiffs' arrest and to actions taken by "restaurant security guards" to delay the plaintiffs from talking to the police. (Compl. ¶ 33.) To the extent that plaintiffs contend they were falsely arrested or imprisoned by Sazon security, the Complaint alleges only that "[w]hen police arrived plaintiffs were not allowed to go outside to speak to the officers," and that "[t]hey were prevented from doing so by the restaurant security guards." (Compl. ¶¶ 32-33.) Assuming the truth of these allegations, the Complaint alleges only that the plaintiffs were not immediately allowed to speak to the police. This does not amount to confinement. See, e.g., Broughton v. State, 37 N.Y.2d 451, 456 (1975) (confinement arises when "a person unlawfully obstructs or deprives another of his freedom to choose his own location . . . ."); Vasquez v. Pampena, 2009 WL 1373591, at *2-5 (E.D.N.Y. May 18, 2009) (surveying authority as to the boundaries of confinement). In addition, the Complaint does not allege that restaurant security took this action at the direction or with the awareness of Campbell or Lopez. Thus, even if the Complaint had alleged facts amounting to confinement by Sazon security, it would fail to state a claim as to Campbell or Lopez. There is no allegation that the non-party "restaurant security guards" were employees of Sazon, as

distinguished from independent contractors. See, e.g., Saini v. Tonju Assocs., 199 A.D.2d 244, 245 (1st Dep't 2002) (employers generally are not liable for acts of independent contractors).

As to the Sazon defendants' role in the arrest, "[i]t is well settled in [New York's] jurisprudence that a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution." Du Chateau v. Metro-North Commuter R. Co., 253 A.D.2d 128, 131 (1st Dep't 1999); accord Schiffren v. Kramer, 225 A.D.2d 757, 758 (2d Dep't 1996) (merely "provid[ing] information to police" is a "limited involvement in a criminal prosecution [that] will not support claims sounding in either malicious prosecution or false arrest."). Even in an instance where a defendant allegedly provides incorrect or incomplete information to law enforcement, a successful false arrest claim requires allegations that the private defendant "affirmatively induced or importuned the officer to arrest . . . ." LoFaso v. City of New York, 66 A.D.3d 425, 426 (1st Dep't 2009); see also Slatkin v. Lancer Litho Packaging Corp., 33 A.D.3d 421, 422 (1st Dep't 2006) (dismissing false arrest claim at summary judgment stage because no evidence supported theory that allegedly false statement induced arrests).

The Complaint alleges that Loduca had separate conversations with Campbell and the plaintiffs, but it does not allege that Campbell made false statements to law enforcement. (Compl. ¶¶ 34-42.) Plaintiffs allege that Delince was arrested by Loduca after she stated that they had "paid a thousand times over," and not for her failure to pay the restaurant bill. (Compl. ¶¶ 46-49.) To the extent any falsehood is alleged, it is that defendant Lopez, "acting on behalf and/or in concert with defendant Vance Campbell," stated in a criminal complaint that defendants refused to pay their bill. (Compl. ¶ 51.) The alleged falsehood in the criminal

complaint does not have a temporal nexus to the plaintiffs' arrest, however, and there is no allegation that Lopez spoke to law enforcement prior to the arrest.

Because the Complaint fails to make any non-conclusory allegations that the Sazon defendants' false statements resulted in the arrests of O'Hagan and Delince, the false arrest and imprisonment claim is dismissed.

### III. The Malicious Prosecution Claim is Dismissed.

"To establish a cause of action for malicious prosecution, a plaintiff must show the elements of commencement or continuation of a judicial proceeding, malice, want of probable cause, and the successful termination of the precedent action in the plaintiff's favor." G&T Terminal Packaging Co. v. Western Growers Ass'n, 56 A.D.3d 266, 267 (1st Dep't 2008). A defendant who merely provides information to the police and signs a criminal complaint is not liable for malicious prosecution, whereas liability may arise as to someone who initiates a criminal proceeding by providing false information and withholding evidence. Brown v. Sears Roebuck & Co., 297 A.D.2d 205, 209-10 (1st Dep't 2002).

"Generally, a civilian defendant who merely furnishes information to law enforcement authorities who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution." Lupski v. County of Nassau, 32 A.D.3d 997, 998 (2d Dep't 2006). "The defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition." Id. At the motion to dismiss stage, New York law requires a plaintiff to "plead[] intentional or knowing conduct on the part of a defendant,"

including misrepresentations, falsification or omission of evidence to the grand jury or district attorney. Id. at 999.

In opposing the motion to dismiss, the plaintiffs argue that Campbell commenced a criminal proceeding by calling law enforcement, even though Campbell agreed that the plaintiffs' bill should be $80 and not $136. (Compl. ¶ 27.) They also assert that Lopez, acting in concert with Campbell, falsely stated that the plaintiffs refused to pay their bill. (Compl. ¶ 51.) Plaintiffs do not allege that Campbell provided false information to law enforcement, however. They have not directed the Court to any legal authority in support of the proposition that calling law enforcement amid a dispute is sufficient to allege liability for commencing a judicial proceeding based on false information. Moreover, as previously noted, the bare allegation that Campbell acted in concert with Lopez is a legal conclusion that does not satisfy Iqbal or Twombly.

As to defendant Lopez, the Complaint asserts that Lopez falsely alleged in a criminal complaint that the plaintiffs refused to pay their bill. (Compl. ¶ 51.) The Complaint's allegation as to Lopez is limited to his statement in the criminal complaint.[1] (Compl. ¶ 51.) The Appellate Division, Second Department has described a "scienter requirement" for a malicious prosecution claim asserted against a civilian. Lupski, 32 A.D. 3d at 999. Lupski affirmed at the pleading stage the dismissal of a malicious prosecution claim arising out of plaintiff's submission of allegedly false information concerning the plaintiff's vehicle speed at the time of an auto accident. Id. "This fell short of sufficiently pleading the scienter requirement of the element of commencement of a proceeding without probable cause required for a malicious prosecution claim." Id. Assuming the truth of plaintiffs' allegation that Lopez falsely claimed

---

[1] The only other allegation concerning Lopez asserts that he was an employee or agent of Sazon. (Compl. ¶ 8.)

that they failed to pay their bill (Compl. ¶ 51), they have made no allegations reflecting Lopez's "scienter," Lupski, 32 A.D.3d at 999, or even "a reckless or grossly negligent disregard" by Lopez of the plaintiffs' rights. Ramos v. City of New York, 285 A.D.2d 284, 300 (1st Dep't 2001).

The plaintiffs' malicious prosecution claim against the Sazon defendants is dismissed.

### IV. The Negligent Hiring, Training and Supervision Claim is Dismissed.

"To establish a cause of action based on negligent hiring and supervision, it must be shown that 'the employer knew or should have known of the employee's propensity for the conduct which caused the injury.'" Marilyn S. v. Independent Group Home Living Program, Inc., 73 A.D.3d 892, 894 (2d Dep't 2010) (quoting Jackson v. New York University Downtown Hospital, 69 A.D.3d 801, 801 (2d Dept' 2010)). The tort of negligent hiring is directed toward conduct by employees acting beyond the scope of their employment. Jackson, 69 A.D.3d at 801.

The Complaint makes no allegation that Sazon knew or should have known that Campbell or Lopez had a propensity for allegedly unlawful activity. Moreover, the Complaint has not alleged that Campbel or Lopez acted outside the scope of their employment during the events of October 9, 2009. This claim is dismissed.

### V. The Plaintiffs' Fifth Cause of Action is Dismissed.

Plaintiffs' fifth cause of action asserts that the Sazon defendants had a duty "to maintain and operate a public establishment wherein individual customers can dine without incident," and to train customers "to use restraint and vigilance when accusing customers of larceny." (Compl. ¶ 71.) They contend that Sazon and its employees "acted with negligence,

carelessness and recklessness in wrongfully accusing, detaining and imprisoning plaintiffs without probable cause," and in failing to train its employees. (Compl. ¶ 72.)

No such claims exist under New York law. New York recognizes intentional torts such as false arrest and malicious prosecution, which, for the reasons outlined, do not state claims against the Sazon defendants. No case is cited in support of the proposition that New York recognizes a tort of negligent arrest or negligent prosecution. The plaintiffs' opposition memo appears to treat this claim as interchangeable with its negligent supervision and hiring claim. (Opp. Mem. at 10.) It is dismissed for the foregoing reasons. Moreover, to the extent that this claim is premised on the plaintiffs' alleged false arrest and imprisonment by the Sazon defendants, the claim is dismissed.

CONCLUSION

The Sazon defendants' motion to dismiss is GRANTED. The Clerk is directed to terminate the motion. (Docket # 10.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 4, 2011